UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TABASSUM SARANI, U.S. POSTAL INSPECTOR MICHAEL CHAVEZ, UNITED STATES, RANCHO CORDOVA POLICE DEPT.,<br><br>　　　　　Defendants. | No. 2:18-cv-0254 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.　Background

Plaintiff is a federal prisoner proceeding pro se with a putative civil rights complaint and request to proceed in forma pauperis. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned grants plaintiff's motion to proceed in forma pauperis and recommends this action be dismissed for failure to state a cognizable claim.

On February 14, 2017, pursuant to a plea bargain, a criminal judgment was entered against plaintiff for bank fraud and aggravated identity theft, and plaintiff was sentenced to a federal prison term of 54 months. See United States v. Mehmood, Case No. 2:12-cr-00154 JAM (ECF No. 457). Upon completion of his prison term, plaintiff is to be surrendered to an Immigration official for deportation proceedings pursuant to 18 U.S.C. § 3583(d)(3). Id. A restitution hearing

1

is scheduled in plaintiff's criminal proceeding for June 5, 2018. Id. (ECF No. 492). Plaintiff is also pursuing an appeal in the Ninth Circuit Court of Appeals, with the assistance of appointed counsel, for which briefing is currently in progress; in that action plaintiff has also filed a motion for new trial under Fed. R. Cr. P. 33(1). See Ninth Circuit Court of Appeals, United States v. Mehmood, Case No.17-10102.

## II. In Forma Pauperis Application

Plaintiff has submitted a declaration in support of his application to proceed in forma pauperis that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.[1]

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

## III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); see also 41 U.S.C. § 1983. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

////

---

[1] Due to plaintiff's numerous filings in this court, despite being informed that he may not challenge his criminal prosecution in collateral proceedings, see discussion *infra*, the undersigned declines to recommend denial of plaintiff's application to proceed in forma pauperis as moot.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

IV. Screening of Plaintiff's Complaint

In this action, plaintiff is attempting to recoup $24,000 cash seized from plaintiff's ex-wife (Tabassum Sarani) by U.S. Postal Inspector Michael Chavez, with the assistance of the Rancho Cordova Police Department. The cash was seized for purposes of restitution in plaintiff's criminal prosecution. As plaintiff avers, "[t]his property was retained/seized by U.S. pending criminal proceedings against plaintiff in Case # CR-12-154-JAM." ECF No. 1 at 7. Plaintiff contends he agreed to plead guilty in his criminal prosecution "pursuant to a deal [that] this property is not placed in forfeiture proceedings or as fine, nor as restitution at sentencing on 02/14/2017." Id. Plaintiff asserts that "now the criminal case is closed and plaintiff claims civil remedy" challenging the seizure of his property "without a warrant." Id. The named defendants in this action are Sarani, U.S. Postal Inspector Michael Chavez, the United States and the Rancho Cordova Police Department.

The instant case is one of several putative civil rights actions filed by plaintiff in which he has attempted to collaterally attack some aspect of his criminal proceeding. In another recently filed case, plaintiff is seeking to recoup $51,000 seized by U.S. Postal Inspector Michael Chavez pursuant to plaintiff's criminal prosecution, naming as defendants both Chavez and the United States. See Mehmood v. United States et al., Case No. 2:18-cv-0136 CKD P. As the undersigned previously informed plaintiff, "any challenge to the criminal proceeding against plaintiff must be raised in that action." See Mehmood v. Solander, Case No. 2:16-cv-0546 KJM AC P (ECF No. 7 at 2) (recommending dismissal of plaintiff's challenge to the validity of the search warrant relied on in his criminal case; findings and recommendations adopted by the district judge on August 25, 2016 (ECF No. 10)). The undersigned previously noted that "plaintiff has been repeatedly informed in his other cases recently dismissed by this court" that he may not challenge his prosecution in a collateral proceeding. (ECF No. 7 at 2 (citing Case No. 2:15-cv-17[68] KJN P (summarily dismissing motion to quash search warrant); Case No. 15-cv-0019 MCE AC P

3

(summarily dismissing habeas corpus action brought pursuant to 28 U.S.C. § 2241, premised on challenges to search warrant and denial of bail)).[2]

In the instant case, plaintiff is attempting to collaterally challenge matters from his criminal prosecution that are not yet final, as demonstrated both by the scheduled restitution hearing and pending federal appeal. For these reasons, the instant complaint fails to state a cognizable claim, and this deficiency cannot be cured by amendment. The undersigned further finds that plaintiff's claims are largely frivolous because "based on indisputably meritless legal theories" and "factual contentions [that] are clearly baseless." Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (appropriate grounds for dismissing in forma pauperis claims). Plaintiff claims, for example, that his ex-wife "acted as U.S. Gov. Agent when [she] followed the directions of postal inspectors." ECF No. 1 at 7. On these grounds, the undersigned recommends that the instant action be summarily dismissed.

V. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is granted

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

3. The Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be summarily dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

---

[2] In another case filed solely against his ex-wife, plaintiff seeks enforcement of her affidavit of financial support as plaintiff's immigration sponsor under 8 U.S.C. § 1183a. See Mehmood v. Sarani, Case No. 17-cv-0970 KJM AC.

4

to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE